**FILED**

**APR 1 0 2008**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alexandria Jones                          :
1916 County Road
Apartment 203                             :
District Heights, MD 20747
   Plaintiff                              :

      V.                          : Ca Nc   Case: 1:08-cv-00620
                              Assigned To : Kollar-Kotelly, Colleen
Janice Quintana, Director                 :   Assign. Date : 4/10/2008
Office of Unified Communications, D.C.      Description: Civil Rights-Non-Employ.
     And                                    :
District of Columbia                      :
441 4th Street, NW
Washington, DC 20001                      :
   Defendants                             :

*JURY ACTION*

COMPLAINT
(Violation of the Whistleblower Protection Act
and retaliation for attempting to file a worker's
compensation claim)

NATURE OF THE CASE

Alexandria Jones, a Telecommunication Equipment Operator, disclosed information about the

proposed change in the use of the 911 emergency telephone number. She sent emails to members

of the District of Columbia's City council, testified before the council and gave an interview to

channel 4 television news. Ms. Jones reasonably believed her disclosures were in keeping with

the whistleblower statute and that the proposed changes would jeopardize the health and safety of

the residents of the District Of Columbia.

JURISDICTION

1. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. 1983 and 28 U.S.C 1332.

2. At all times relevant to this cause of action Janice Quintana was acting in her official capacity as Director, Office of Unified Communications, D.C.

3. At all times relevant to this cause of action Alexandria Jones was a citizen of Maryland.

4. The District Of Columbia is a citizen for the purposes of diversity jurisdiction.

5. The District of Columbia has waived its sovereign immunity and consented to suit by enacting its Whistleblower Protection Act. D.C. Code § 1-615.51 *et seq.*

6. This court can assume ancillary jurisdiction over these District of Columbia statutory violations.

FACTUAL ALLEGATIONS

7. August 1998 Ms. Jones became employed by the District of Columbia, formally known as Metropolitan Police Department Communication, as a receipt clerk.

8. Six months later she was promoted to a dispatcher. One of her duties as dispatcher was to assist citizens when they called 911. If the call concerned an emergency such as a shooting or stabbing she would get the type of weapon used, the name of any witnesses then send the information to an officer on the street.

9. The 311 telephone non-emergency police calls were routed to untrained/uncertified operators also without proper computer equipment to properly assist the citizens.

10. Ms. Jones learned that Janice Quintana, the director, had proposed changes. As Ms. Jones expressed them they were: the 311employees were not trained or certified to handle the calls for service and was advised by the director to transfer the calls back onto the 911 line. The net effect

2

was that more calls are added to the 911 number.

11. She also explained that the new proposed system was putting more calls in que and it was going to cause emergency calls a delay in service. Ms. Quintana was telling the council she had enough personnel to cover all of the phones, but in fact she did not have enough personnel to cover all of the phones. She would get supervisors and overtime personnel to assist on the phone when the Mayor or media is present at the office.

12. December 14, 2007 Ms. Jones sent an email to Councilman Phil Mendelson, Chairman Committee of Public Safety and Judiciary, Jim Graham and David Cantinia, complaining that the proposed change in the use of the 911 telephone number would jeopardize the safety of residents of the District of Columbia. She also told him she wanted to attend the oversight hearing to express her concerns but was not allowed to attend by Janis Quintana, Director, Office of Unified Communications.

13. December 17, 2007 she sent an email to Vincent Grey Chairman of the city council expressing her concerns about the proposed change in the use of the 911 emergency telephone number. She also sent emails to councilpersons David A. Cantania and Yvette Alexander expressing her concerns.

14. December 28, 2008 Ms. Jones sent an email to Mayor Adrian Fenty expressing her concerns about the proposed change of 311/911.

15. January 1, 2008 Ms. .Jones sent an email to Mayor Fenty asking to meet with him to discuss her concerns regarding the proposed change in the use of the 911telephone number.

16. January 7, 2008 Ms. Jones attempted to have a conversation with Mayor Fenty while he was visiting the Office of Unified Communications. According to Rasheena Brawner, another

employee in the Office of Communications, who was sitting next to Ms. Jones she was not rude or disrespectful when talking to Mayor Fenty.

17. January 10, 2008 Janis Quintana, the director placed Ms. Jones on Administrative Leave with pay without just cause other than stating "the Mayor was not pleased with Ms. Jones" and indicated that she was a disgruntle and disrespectful employee with which the director agreed.

18. January 11, 2008 around 10:30 a.m. Ms. Jones called Robert Sutton, Assistant floor manager, and advised him she was suffering mental anguish from being wrongfully placed on leave and asked him to provide her with a claim number so she could file her worker's compensation claim.

19. January 11, 2008 around 12:30 p.m. Ms. Jones interviewed with the channel 4 television station to voice her concerns about the proposed change in 911 emergency number.

20. January 11, 2008 Robert Sutton Called Ms. Jones around 4:00 p.m. and denied her request for a claim number. Ms. Jones called Michael Patterson, Nat'l Vice President, National Association of Government Employees. Mr. Patterson called Mr. Sutton to advise him that he was required to give Ms. Jones the claim number. Mr. Sutton told Mr. Patterson that Ms. Quintana and Valentine Kelly, Director, Office of Risk Management are friends.

21. January 15, 2008 Mr. Patterson called Risk Management Office and was advised that filing a claim can't be denied.

22. January 17, 2008 Ms. Jones had a doctors visit and was placed on medication for job related anxiety.

23. January 17, 2008 Robert Sutton called Ms. Jones and advised her she can get her claim number. The claim number was issued by Assistant Watch Commander Lejuan Ribbon.

24. January 18, 2008 Ms. Jones was served with a 30 day proposed suspension by Janice Quintana. Also former H/R Manager Andrea Anderson refused to allow Ms.. Jones to review her in-house personnel file.

25. January 21, 2008 Ms. Jones had an appointment with COPE incorporated.

26. January 23, 2008 Cathy D. Clanton, claim examiner III with the office of risk management, took information over the phone, and told Ms. Jones she would send her the appropriate forms and that an investigator would come out to take a statement.

27. January 24, 2008 Ms. Jones testified before the city council.

28. January 30, 2008 former H/R Manager Ms. Anderson allowed Ms. Jones to review her in-house file.

29. February 5, 2008 the investigator called Ms. Jones to set a date for the interview.

30. February 8, 2008 the investigator visited Ms. Jones.

31. February 11, 2008 the proposed suspension of Ms. Jones was not sustained and the charges were dismissed without prejudice.

32. February 14, 2008 Ms. Jones visited doctor Bonevente. She is still being treated by Dr. Bonevente.

33. February 20, 2008 the agency told Mr. Patterson the worker's compensation claim would be denied and that Ms. Jones would be notified of the decision February 22, 2008 because her paperwork was not received.

34. February 20, 2008 Ms. Jones called Ms. Clanton and left a message that she had received the paperwork. Around 6:30 p.m. that day the papers arrived to Ms. Jones who then called Ms. Clanton around 7:30 p.m. to tell her she had received the papers.

35. February 21, 2008 Ms. Jones and Ms. Clanton discussed paperwork and Ms. Jones was told to turn in part of the papers to Office of Communication and take the other parts to Ms. Jones doctor. Mr. Patterson took the papers to the Office of Communication on February 21, 2008.

36. February 27, 2008 Ms. Jones told Ms. Clanton the forms were completed and she would turn them in the next business day which was February 28, 2008.

37. February 27, 2008 the Office of the Secretary for the District of Columbia was served with the D.C. Code 12-309 notice.

38. The next day Ms. Jones turned in the forms and received a file-stamped copy.

39. February 29, 2008 Ms. Jones asked Ms. Rodriguez if they would allow her to use her annual leave in lieu of sick leave to cover the time she would be away from work. Ms. Rodriguez approved.

40. March 3, 2008 a letter was sent to Ms. Jones from Cathy Clanton and Jackie Orr of the office of risk management denying her disability claim due to abandonment. This implies Ms. Jones had not turned in the appropriate forms for procession her claim. That assertion is incorrect.

41. March 5, 2008 doctor Bonevente referred Ms. Jones to a specialist.

42. March 5, 2008 Ms. Jones and Mr. Patterson took her doctor's slip to the agency, filled out the leave slip and was told by Robert Sutton that Ms. Quintana, the director ordered them to leave the operation floor.

43.March 6, 2008 counsel for Ms. Jones sent a letter to Janice Quintana, the director explaining that Ms. Jones' sending letters to the city council regarding her concerns for the safety of the residents of the city before proposed changes in 911 use went into effect were "protected disclosures" under D.C. Code 1-615.52. The letter also asked that Ms. Jones be allowed to come

to the office to complete processing her worker's compensation claim.

44. March 7, 2008 Ms. Jones and Mr. Patterson went to the agency to meet with Arnita Bonner, the human resources manager, Travis Dupree and Robert Sutton to get an explanation of the worker's compensation procedure. Ms. Jones was told again to stay off the operation floor because she will cause a disturbance on the operation floor according to orders from Janice Quintana.

45. March 12, 2008 Ms. Jones had another doctor's appointment and she took another doctor's slip which was accepted and she was told a decision would be made on her request for continuation of pay. She was again told she can't go on the operation floor.

46. As of the date this complaint is filed Ms. Jones has not received her statutory 21 days of continuing pay. She has been required to use her sick leave to cover the time she has been away from work.

47. Ms. Jones has not pursued a remedy for these matters either with the office of Employee Appeals or under a negotiated grievance or arbitration employment contract.

48. The public policy underlying the writing of the whistleblower statute by the city council prevents worker's compensation from being the exclusive remedy for these on-the-job injuries.

COUNT I
(Retaliation for making disclosures to the city council
and television is a violation of the Whistleblower statute)

49. Plaintiff realleges paragraphs 1 through 46 as if they were fully set forth herein.

50. Ms. Jones sending emails to city council persons December 14 and 17, 2007 stating her fear for the safety of the District of Columbia residents if the proposed change occurred in the use of the 911 telephone number were "protected disclosures".

51. Ms. Jones sending an email to Mayor Fenty December 28, 2007 and January 1, 2008 asking to meet with him to discuss her concerns about the proposed change in the 911 number were "protected disclosures".

52. Ms Jones polite attempt to speak with Mayor Fenty while he visited the operations floor January 7, 2008 was a "protected disclosure".

53. When the director, Janice Quintana, placed Ms. Jones on administrative leave January 10, 2008 that was an act of retaliation in violation of the Whistleblower statute § 1-615.51

COUNT II
( Retaliation for attempting to file a worker's
Compensation Claim is a violation of the statute)

54. Plaintiff realleges paragraphs 1 through 46 as if they were fully set forth herein.

55. January 10, 2008 Janis Quintana placed Ms. Jones on administrative leave without just cause. Ms. Jones began suffering from anxiety and mental anguish.

56. January 11, 2008 she told Robert Sutton, an assistant floor manager, of her illness and asked for a claim number to file her worker's compensation claim. Mr. Sutton refused to give her a claim number.

57. Also January 11, 2008 Michael Patterson called Mr. Sutton and explained that he was required to give Ms. Jones a claim number. He was told Janis Quintana, the director had ordered him not to give Ms. Jones the claim number.

58. January 18, 2008 Ms. Jones was served with a 30 day proposed suspension.

59. The suspension instead of temporary reassignment is a violation of 40 DCR 1266.4 and 1266.5.

60. February 29, 2008 Ms Rodriguez approve Ms. Jones' use of annual in lieu of sick leave.

61. March 5, 2008 Ms. Jones was told the director, Janice Quintana had denied her use of annual in lieu of sick leave. This despite the prior approval by Ms. Rodriguez.

62. Janice Quintana's discriminating actions against Ms. Jones after she attempted to file a worker's compensation claim particularly as here, which was motivate by animus against Ms. Jones is a violation of the Workers' Compensation statute. § 32-1542.

## COUNT III
( Janice Quintana, while acting under color of state authority,
violated 42 U.S.C. 1983 when she retaliated against Ms. Jones
for speaking to the media and the city council)

63. Plaintiff reallege paragraphs 1 through 46 as if they were fully set fourth herein.

64. Ms. Jones had a constitutional right under the 1st Amendment of the U.S. Constitution to speak to the media and to voice her concerns about safety of D.C. residents to the city council. When she did, Janice Quintana placed Ms. Jones on administrative leave with pay. Then later denied Ms. Jones her pay. This constituted a violation of the statute. Ms. Jones' free speech rights were so "clearly established" in this jurisdiction that Ms. Quintana should have known her attempt to stop Ms. Jones from talking to the media and the city council was a violation of these rights.

65. Ms. Quintana's acts were not in the performance of resolving a dispute between parties or adjudicating privates rights.

66. Ms. Quintana's acts were an attempt to prevent Ms. Jones from talking to the media and the city council.

67. Defendant's acts constitute retaliation in violation of the D.C.Code § 1-615.51 *et seq.,* the

9

Whistleblower Protection Act § 32-1542 and deprivation of Ms. Jones' constitutional rights under 42. U.S.C. 1983.

68. As a direct and proximate result of defendant's acts, plaintiff has sustained damages including lost wages and emotional distress.

69. Plaintiff prays for appropriate relief under 1-615.51 *et seq* and 32-1542 including compensation for lost wages, negligent infliction of emotional distress, liquidated and punitive damages of not less than $1,000,000 and injunctive relief.

WHEREFORE, plaintiff request this court enter judgment against defendant as follows:

(1) An order declaring, defendant's actions to be a breach of plaintiff's rights under The Whistleblower Protection for Employee of Contractors and Instrumentalities of the District of Columbia D.C. Code § 1-615.51, Retaliatory actions by employer prohibited D.C. Code § 32-1542; Deprivation of Constitutional Rights under 42 U.S.C. 1983 and declare plaintiff eligible to receive monetary damages of not less than $1,000,000.

(2) An order enjoining defendant from continuing to discriminate against plaintiff regarding her claim for workers' compensation.

(3) An order enjoining defendant from continuing to deprive Ms. Jones of her rights of free speech under the first amendment to the U.S. Constitution.

(4) An order granting plaintiff attorney's fees pursuant to the Whistleblower Protection Act and Federal Access to Justice Act.

(5) The cost of this suit, and such further relief as the court deems proper.

<u>JURY DEMAND AS TO ALL ISSUES</u>

10

Respectfully submitted.

Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff

JS-44
(Rev.1/05 DC)

Case 1:08-cv-00620-CKK    Document 1-2    Filed 04/10/2008    Page 1 of 2

CIVIL COVER SHEET

L
08-620
CKK

**I (a) PLAINTIFFS** Alexandria Jones

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

Prince Georges County, Maryland

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jerome Clair Law Office

**DEFENDANTS** Janice Quintang and District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00620
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/10/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

(X 3) Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ⊠ | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7600

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT: (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

---

DATE 4-10-08          SIGNATURE OF ATTORNEY OF RECORD

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES []    NO [X]    If yes, please complete related case form.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,000,000    Check YES only if demanded in complaint    JURY DEMAND: YES [X]    NO []

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 1983 Defendant, District of Columbia, retaliated against plaintiff because she spoke to the media and city council members.

**V. ORIGIN**
[X] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
[] 5 Transferred from another district (specify)
[] Multi district Litigation
[] 7 Appeal to District Judge from Mag. Judge

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| [] 530 Habeas Corpus-General<br>[] 510 Motion/Vacate Sentence | [] 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | [] 895 Freedom of Information Act<br>[] 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | [] 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| [] 710 Fair Labor Standards Act<br>[] 720 Labor/Mgmt. Relations<br>[] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[] 740 Labor Railway Act<br>[] 790 Other Labor Litigation<br>[] 791 Empl. Ret. Inc. Security Act | [] 441 Voting (if not Voting Rights Act)<br>[] 443 Housing/Accommodations<br>[] 444 Welfare<br>[X] 440 Other Civil Rights<br>[] 445 American w/Disabilities-Employment<br>[] 446 Americans w/Disabilities-Other | [] 110 Insurance<br>[] 120 Marine<br>[] 130 Miller Act<br>[] 140 Negotiable Instrument<br>[] 150 Recovery of Overpayment & Enforcement of Judgment<br>[] 153 Recovery of Overpayment of Veteran's Benefits<br>[] 160 Stockholder's Suits<br>[] 190 Other Contracts<br>[] 195 Contract Product Liability<br>[] 196 Franchise | [] 441 Civil Rights-Voting (if Voting Rights Act) |