UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRIA JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-620 (CKK) |
| | : | |
| JANICE QUINTANA, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ON BEHALF OF THE DISTRICT OF COLUMBIA AND JANICE QUINTANA

Defendants District of Columbia and Janice Quintana, by and through undersigned counsel, hereby submit their Reply to Plaintiff's Opposition to Defendant's Motions to Dismiss. For clarity's sake, captions recited in this reply brief track captions recited in Plaintiff's opposition memo.

### I.    OFFICIAL CAPACITY LAWSUIT

In her opposition memo, Plaintiff's argues — for the first time ever — that Janice Quintana's act of placing Ms. Jones on administrative leave effective January 10th as well as her proposed 30-day suspension of January 18th were intentional acts. [Docket # 10 at p. 5]. Plaintiff also argues that District of Columbia employees are liable for intentional torts and, otherwise, suggests that the intentional violation of an anti-discrimination statute allows the jury to decide if punitive damages are awarded. [Docket # 10 at p. 3].

Whether or not Janice Quintana's acts were intentional, nothing about them can be characterized as intentional torts. That is, Plaintiff has failed to identify an intentional tort cause of action because it cannot reasonably be said that Ms. Quintana's placement of Ms. Jones on leave is an assault, a battery, fraud, conversion, or anything else of that

vein. This point is better illustrated by the two cases—*Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001) and *Estate of Phillips v. District of Columbia*, 257 F.Supp. 69 (D.D.C. 2003) — Plaintiff cites in an effort to support her novel claim.

Neither *Butera* nor *Phillips* support the proposition that placing an employee on administrative leave is an intentional tort. Indeed, the *Phillips* case that Plaintiff cites is no longer good law — it was reversed upon finding that the Fire Chief was not susceptible to § 1983 liability through deliberate indifference. *Estate of Phillips v. District of Columbia*, 455 F.3d 397 (D.D.C. 2006). Whereas, *Butera* involves express allegations of intentional infliction of emotional distress. By contrast, in her Complaint, Plaintiff asserts only negligence claims against Janice Quintana and seeks no punitive damages upon any federal claim. See Complaint at ¶ 64 ("Ms. Qunitana should have known her attempt to stop Ms. Jones from talking to the media and the city council was a violation of these [i.e., free speech] rights.") ; Id. at ¶ 69 (Plaintiff requests relief for negligent infliction of emotional distress and punitive damages under D.C. law); Id. at Prayer. Plaintiff's intentional tort arguments must be rejected in this case.

Plaintiff also believes *Sanders v. District of Columbia*, 16 F.Supp.2d 10 (DDC 1998) stands for the proposition that the Comprehensive Merit Protection Act ("CMPA") is no bar to her claim under § 1983 of the Civil Rights Act. [Docket # 10 at p. 5]. This argument is misguided because Defendants plainly assert that the CMPA bars Plaintiff's worker's compensation retaliation claim, not her § 1983 action. Plaintiff has cited no countervailing authority, such that her claim for retaliation under the worker's compensation statute must be conceded. *See* LCvR 7(b); *see also Jackson v. Snow*, 2006 WL 212136 (D.D.C. 2006) (Plaintiff concedes argument through failure to respond);

*M.R.S. Enterprise v. Sheet Metal Workers Int'l Ass'n*, 429 F.Supp2d 72 (D.D.C. 2006)

(same).[1]

## II.   FIRST AMENDMENT

With respect to her First Amendment claim, Plaintiff does not argue and, thereby, cites no authority supporting the proposition that her speech was protected.  [Docket # 10 at pp. 6 – 8].  The primary —almost exclusive — argument raised in Defendants' motion is that Alexandria Jones failed to plead that she spoke as a private citizen, rather than as a government employee during the course of her employment, under *Garcetti v. Ceballos*, 126 S.Ct 1951 (2006) and its progeny.  [Docket # 8 at p. 6].  The mere fact that Plaintiff failed to offer even one countervailing argument on this issue can only be deemed a concession.  *See* LCvR 7(b); *see also Jackson v. Snow*, 2006 WL 212136 (D.D.C. 2006) (Plaintiff concedes argument through failure to respond); *M.R.S. Enterprise v. Sheet Metal Workers Int'l Ass'n*, 429 F.Supp2d 72 (D.D.C. 2006) (same).

## III.   MUNICIPAL LIABILITY

Plaintiff's § 1983 claim must be dismissed because the Complaint fails to allege facts showing that Janice Quintana placed Ms. Jones on leave for speaking out on a matter of public concern pursuant to a municipal "policy or custom."  Other than conclusory statements, Plaintiff fails to demonstrate that the Complaint recites any municipal liability allegations, nor has she alleged a pattern of events sufficient to satisfy the stringent requirements of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978).  [Docket # 10 at pp. 8 - 10].

---

[1]     Notably, though Defendants clearly argued that Plaintiff's worker's compensation retaliation claim is barred, Plaintiff's opposition memo does not contain a Worker's Compensation caption and, otherwise, recites no arguments or citations to authority designed to contradict Defendants' arguments on this point.

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983 and must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State." *Id.* (*citing Monell*, 346 U.S. at 691) (emphasis added).

Here, Plaintiff's complaint is similarly lacking because it fails to state that the placement of Ms. Jones on leave was related in any way to a policy or custom of the District. Indeed, The single event alleged by Plaintiff (i.e., placing Ms. Jones on leave) cannot satisfy the custom or policy requirement because this single incident simply cannot lead to a reasonable inference that the District had a policy or custom of such conduct. In this case, even making all inferences in Plaintiff's favor, the single incident alleged by Plaintiff simply does not rise to the level of a custom or policy. As such, the

complaint "fails to allege a necessary element" of a § 1983 violation, and all § 1983 claims against the District must be dismissed.

## IV.    QUALIFIED IMMUNITY

Plaintiff attempts to rebut Defendants' qualified immunity argument by reciting conclusory allegations that Janice Quintana placed Ms. Jones on leave in retaliation for her purported first amendment activities. Docket # 10 at p. 10. The Supreme Court has repeatedly affirmed that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982).[2] That Court has specifically directed that:

> When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. [T]he court may insist that the plaintiff 'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal . . . . [I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.

*Id.* at 597–98 (citations omitted); *see also Moore v. Hartman*, 388 F.3d 871, 876 (D.C. Cir. 2004) (discussing *Crawford-El* and qualified immunity).

Here, Alexandria Jones must put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal. *Id.* at 598 (*quoting Siegert v. Gilley*, 500 U.S. 226,

---

[2] The Supreme Court has recognized that "there is a strong public interest in protecting public officials from the costs associated with the defense of damages actions. That interest is best served by a defense that permits insubstantial lawsuits to be quickly terminated." *Crawford-El*, 523 U.S. at 590 & n.12. "These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." *Id.*

236 (1991). Plaintiff cannot meet this difficult burden, and thus cannot survive the instant motion to dismiss.

Exposing Janice Quintana to personal liability in these circumstances would be at odds with the policies underlying the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 806 & 814 (1982). The risk of personal liability would make it virtually impossible for the District to fill positions such as the individual defendant's, as few qualified persons would be willing to assume this responsibility with the accompanying risks of liability. The District cannot be expected to operate in this way, and government officials should not be expected to assume this type of liability. *See Farmer v. Moritsugu*, 163 F.3d 610, 616 (D.C. Cir. 1998). Plaintiff's claims against Janice Quintana must be dismissed.

## V.    WHISTLEBLOWER ACT

Plaintiff misinterprets Defendants argument regarding her failure to exhaust administrative remedies. Specifically, Plaintiff argues that, "There is no requirement to exhaust administrative remedies before filing a whistleblower complaint." Docket # 10 at p.15. True or not, Plaintiff's argument evinces a lack of understanding that Defendants raise the exhaustion of remedies argument responsive to her worker's compensation (i.e., not her whistleblower) claim. In any event, Plaintiff concedes the issue given her failure to even argue that her worker's compensation claim is somehow preserved.

Though Plaintiff quibbles with Defendants' assertion that there is no individual liability under the Whistleblower Act, he fails to cite any countervailing authority. Indeed, even the statutory provision (D.C. Official Code§ 1-615.54) she recites verbatim in brief speaks nothing of individual liability and, otherwise, do not contradict the

holdings in the *Crawford* and *Williams* opinions cited by Defendants.  Further, Plaintiff

asserts a bare allegation that, "Ms. Quintana knew of Ms. Jones protected activity

(speaking to the Mayor) before she placed Ms. Jones on leave."  Docket # 10 at p.14.

Yet, nothing in either the Complaint or Plaintiff's opposition memo suggests that Ms.

Quintana knew the sum and substance of what Ms. Jones said to Mayor Fenty.  To the

contrary, both the Complaint and Plaintiff's opposition memo plainly state that Ms.

Quintana placed Ms. Jones on leave for being disrespectful in the way she spoke to

Mayor Fenty — not because Ms. Jones had any "protected communications" with Mayor

Fenty.  *See* Complaint at ¶ 17.  Furthermore, the Complaint fails to suggest that any

protected communications could possibly have occurred during Mayor Fenty's walk

through visit because, at the time, "Ms. Jones *attempted* to have a conversation with

Mayor Fenty.  See Complaint at ¶ 16 (emphasis added).  There is absolutely no allegation

that a conversation was actually held between Mayor Fenty and Ms. Jones, much less an

allegation that Ms. Jones shared protected communications with Mayor Fenty during the

attempted conversation and, otherwise, that Ms. Quintana knew of the purported

protected communications (if any) and placed Ms. Jones on leave therefor.  Plaintiff's

whistleblower claim must be dismissed.

                          Respectfully Submitted,

                          PETER J. NICKLES
                          Interim Attorney General, District of Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General, Civil Litigation Division

                          _____/s/_____
                          PATRICIA A. JONES [428132]
                          Chief, General Litigation Sec. IV

_____/s/_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 727-6295 | (202) 741-0554 fax
dwayne.jefferson@dc.gov