UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA JONES,<br><br>   Plaintiff,<br><br>     v.<br><br>JANICE QUINTANA, *et al.*,<br><br>   Defendants. | Civil Action No. 08-620 (CKK) |

MEMORANDUM OPINION
(October 26, 2009)

Plaintiff Alexandria Jones, a former employee of the District of Columbia Office of Unified Communications ("OUC"), filed the above-captioned lawsuit against the District of Columbia ("D.C." or the "District") and Janice Quintana, Director of the OUC (collectively, with D.C., "Defendants"). In her original Complaint, filed on April 10, 2008, Plaintiff alleged retaliation in violation of the D.C. Whistleblower Protection Act, D.C. Code § 1-615.51 *et seq.* (Count I); retaliation in violation of the D.C. Workers' Compensation statute, D.C. Code § 32-1501 *et seq.* (Count II); and deprivation of her First Amendment Rights in violation of 42 U.S.C. § 1983 (Count III). *See* Compl., Docket No. [1]. On January 2, 2009, Plaintiff amended her complaint to assert two additional claims: a claim that Defendants failed to provide a reasonable accommodation for her mental anxiety in violation of the ADA (Count IV); and a claim that Defendants terminated her employment in retaliation for filing an EEO complaint in violation of the ADA (Count V). *See* Am. Compl., Docket No. [19].

On January 30, 2009, Defendants filed a [20] Motion to Dismiss Plaintiff's Amended Complaint, which the Court subsequently granted-in-part and denied-in-part. *See* Civ. Act.

No. 08-620, Mem. Op. (D.D.C. Sept. 30, 2009). More specifically, the Court held as follows:

(1) With respect to Count I, Defendants' motion was GRANTED insofar as Defendants asserted that Count I must be dismissed as against Defendant Quintana, but was DENIED insofar as Defendants asserted that Count I must be dismissed as against the District;

(2) With respect to Count II, Defendants' motion was GRANTED, and Count II was dismissed in its entirety;

(3) With respect to Count III, Defendants' motion was

(a) DENIED insofar as Defendants asserted that Plaintiff failed to sufficiently allege that she spoke out as a private citizen;

(b) GRANTED insofar as Defendants asserted that Plaintiff's Section 1983 claim against Defendant Quintana in her official capacity should be dismissed as redundant;

(c) DENIED WITHOUT PREJUDICE insofar as Defendants asserted that Defendant Quintana is entitled to qualified immunity;

(D) GRANTED insofar as Defendants sought to dismiss Plaintiff's Section 1983 claim against the District;

(4) With respect to Count IV, Defendants' motion was GRANTED, and Count IV was dismissed in its entirety; and

(5) With respect to Count V, Defendants' motion was DENIED.

Accordingly, as the Court made clear in its Memorandum Opinion, the following two claims survived Defendants' [20] Motion to Dismiss: Count I (D.C. Whistleblower Protection Act, D.C. Code § 1-615.51 *et seq*.) as against the District, and Count V (retaliation in violation of the ADA, 42 U.S.C. § 12203(a)), as against the District. *Id.* at 2.

With respect to Plaintiff's Section 1983 claim as against Defendant Quintana, however, the Court denied Defendants' motion to dismiss without prejudice, noting that the

Amended Complaint did not indicate whether Plaintiff intended to bring suit against Defendant Quintana in her individual or official capacity and that the Court was unable to conclude on the record then before it whether Plaintiff meant to assert her Section 1983 claim against Defendant Quintana in her official capacity and/or individual capacity.  The Court concluded that it was "unfair to Defendant Quintana to require her to advance a claim of qualified immunity without specific notice as to the exact nature of the factual allegations against her in her personal capacity." *Id.* at 17.  The Court therefore held that, to the extent Plaintiff intended to allege her Section 1983 claim against Defendant Quintana in her individual capacity as well as in her official capacity, she was required to amend her complaint, by no later than ***October 16, 2009***, to specify that she intended to sue Defendant Quintana in her individual capacity and to allege facts sufficient to support her claim that Defendant Quintana should be held personally liable.  The Court further held that, in the event Plaintiff amended her complaint to specify that her Section 1983 claim is asserted against Defendant Quintana in her individual capacity, Defendant Quintana would be permitted an opportunity to file a renewed motion with respect to her claim of qualified immunity.  *Id.* at 17-18.

On October 5, 2009, Plaintiff filed a document captioned the "Second Amended Complaint," as permitted by the Court's Memorandum Opinion.  *See* Docket No. [32].  By minute order dated that same day, the Court noted, however, that Plaintiff's Second Amended Complaint contains only her amended Section 1983 Claim and related factual allegations against Defendant Quintana and does ***not*** include any other factual allegations and/or legal claims.  10/5/09 Min. Order.  In other words, Plaintiff's Second Amended Complaint omits

any reference to — and therefore appears to abandon — Plaintiff's claims under the D.C. Whistleblower Protection Act, D.C. Code § 1-615.51 *et seq*. and for retaliation in violation of the ADA, 42 U.S.C. § 12203(a), both of which the Court held survived Defendants' motion to dismiss.  It was therefore unclear to the Court whether Plaintiff, by filing the Second Amended Complaint, had intended to abandon these remaining claims or whether her failure to include such claims and related factual allegations in her Second Amended Complaint was merely an oversight on her part.  In an effort to provide Plaintiff an opportunity to clarify which precise claims she intended to continue to pursue in this litigation, the Court issued a Minute Order dated October 5, 2009, which provided, in relevant part, that:

> [i]f, as the Court assumes, Plaintiff intends to proceed not only with her amended Section 1983 Claim but also with those claims that survived Defendants' motion to dismiss (*i.e.*, Counts I and V as against the District), Plaintiff must re-file, by no later than October 16, 2009, a Second Amended Complaint that includes all facts and remaining legal claims at issue in a single document.

Significantly, Plaintiff failed to do so by the October 16, 2009 deadline, or, indeed, at anytime thereafter.

Nonetheless, because Plaintiff's Second Amended Complaint made clear that she intended to bring her Section 1983 claim against Defendant Quintana in her individual capacity, the Court, as it previously indicated it would do, permitted Defendants to file a renewed motion with respect to Plaintiff's amended Section 1983 claim as against Defendant Quintana.  *See* 10/5/09 Min. Order.  Defendants did so on October 22, 2009, filing a Motion to Dismiss Plaintiff's Second Amended Complaint.  *See* Docket No. [33].  Notably, given that Plaintiff had not attempted to re-file a Second Amended Complaint as provided by the Court's October 5, 2009 Minute Order, Defendants assumed that Plaintiff's Second Amended

Complaint included only her Section 1983 claim against Defendant Quintana (*i.e.,* that the remaining claims had been abandoned) and moved to dismiss her Second Amended Complaint in its entirety based upon the claim of qualified immunity.

Upon receipt of Defendants' motion, the Court, in an abundance of caution, issued yet another Minute Order on October 23, 2009, once again alerting Plaintiff to her failure to incorporate any additional facts or legal claims in her Second Amended Complaint. *See* 10/23/09 Min. Order. In so doing, the Court explicitly placed Plaintiff on notice that, given her failure to indicate to the Court her intent to proceed with either Count I or Count V of her Amended Complaint, it "shall assume that Plaintiff intends to proceed ONLY with her amended Section 1983 claim and that she has abandoned all other remaining claims and factual allegations that are not included in her Second Amended Complaint as attached at Docket No. 32." *Id.*

In response, Plaintiff filed a [35] Status Report with the Court dated October 24, 2009.[1] Plaintiff's Status Report states in full:

> 1. Plaintiff does ***not*** intend to relitigate any issue that was decided by the court in its September 30, 2009 memorandum opinion.
>
> 2. Plaintiff does ***not*** intend to file any response to defendants' motion to dismiss plaintiff's second amended complaint.

*Id.* (emphasis in original). Noticeably, Plaintiff does not attempt to correct the assumption made by both this Court and Defendants that she has abandoned all other claims, save for her

---

[1] The Court notes that Plaintiff, in addition to the status report referenced above, filed a second status report on October 24, 2009. *See* Docket No. [34]. It appears, however, that this second status report was filed in error, as it is dated October 28, 2008, and relates to a dispositive motion filed by Defendants in June of 2008, which was denied without prejudice on December 29, 2008.

5

Section 1983 claim against Defendant Quintana.

Accordingly, based on Plaintiff's express representations in this most recent [35] Status Report, the Court concludes that Plaintiff intends her Second Amended Complaint to include only her Section 1983 Claim against Defendant Quintana and that she has affirmatively abandoned all other claims (including the two claims that survived Defendants' [20] Motion to Dismiss).  As described above, the Court has provided Plaintiff —who is represented by counsel in this matter — multiple opportunities to re-file a Second Amended Complaint that includes not only her Section 1983 claim against Defendant Quintana but also the two claims that survived Defendants' [20] Motion to Dismiss (*i.e.*, Counts I and V as against the District).  Moreover, the Court has also made abundantly clear that Plaintiff's failure to do so shall be treated as an express abandonment of such claims.  Nonetheless, Plaintiff has taken no action to re-file a Second Amended Complaint that includes Counts I and V as against the District nor has she otherwise indicated her intent at this time to pursue any claims other than her Section 1983 claim against Defendant Quintana.  Plaintiff also now concedes the merits of Defendants' [33] Motion to Dismiss Plaintiff's Second Amended Complaint, which is premised on the assumption that Plaintiff intends to pursue only her Section 1983 claim.  Accordingly, given Plaintiff's repeated failure to indicate to the contrary, the only reasonable conclusion that may be reached is that Plaintiff has expressly chosen to abandon Counts I and V as alleged against the District.

In addition, the Court understands Plaintiff to have conceded the merits of Defendants' [33] Motion to Dismiss.  Plaintiff, in her Status Report, explicitly states that she "does **not** intend to file any response to defendants' motion to dismiss plaintiff's second amended

complaint." Pl.'s Status Rep., Docket No. [35].  In light of this express representation, it is readily apparent that Plaintiff has conceded the merits of Defendant Quintana's qualified immunity claim with respect to Plaintiff's Section 1983 claim.  The Court shall therefore GRANT Defendants' [33] Motion to Dismiss as conceded, and Plaintiff's Second Amended Complaint is DISMISSED in its entirety.[2]  An appropriate Order accompanies this Memorandum Opinion.

Date:   October 26, 2009

                                             /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge

---

[2] In light of this decision, the Court's October 23, 2009 Minute Order requiring Defendants to file a supplemental notice regarding case law relevant to their qualified immunity claim is now moot.  *See* Oct. 23, 2009 Min. Order.